The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff <br><br> v. <br><br> ERNIE RAY DAVIS, <br><br> Defendant. | NO. CR18-0132 RAJ <br><br> ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |

This matter comes before the Court on Defendant Ernie Ray Davis's motion for compassionate release. Dkt. 770. The Court has considered the pleadings filed in support of the motion and in opposition to the motion and the remainder of the relevant record and hereby DENIES the motion for the reasons explained herein.

## I. BACKGROUND

Following a lengthy investigation and indictment involving a number of other defendants, Ernie Ray Davis was charged with multiple drug offenses. Dkt. 277.

On May 8, 2019, he pled guilty to Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C § 924(c)(1)(A)(i). Dkt. 470.

ORDER - 1

On August 2, 2019, the Court sentenced Mr. Davis to 66 months of incarceration, to be followed by five years of supervised release. Dkt. 596. He is currently housed at FCI Sheridan, and his projected release date is May 8, 2024.

On May 11, 2020, Mr. Davis filed the instant motion requesting compassionate release, time served, and supervised release. He contends his circumstances put him at a serious risk for contracting COVID-19 due to a variety of health-related conditions. He contends he has hypertension because he had a recorded blood pressure of 134 over 88. Dec. of Counsel, Ex. 2. His represented health concerns include medical records documenting his admission that he has smoked a half-pack of cigarettes per day for the last five years and smokes marijuana. Dec. of Counsel, Ex. 2. His medical records also show he suffered from pneumonia in March 2020. Last, he contends because he is an African-American male, he is more vulnerable to contracting the virus.

The Government has responded that as of the day of their response (May 18, 2020) there were no confirmed cases of COVID-19 at FCI Sheridan. The Government challenges Mr. Davis's assertion of poor health. Instead, they contend he is a 41-year-old man in good health with borderline high blood pressure for which he has declined to take medication since his incarceration. They confirm he was diagnosed with pneumonia in March 2020 and treated with an oral antibiotic, but he failed to return for any follow up care. The only other reported health concern expressed by Mr. Davis was on March 2, 2020 for cough and fever.

## II. DISCUSSION

### A. Legal Standard for Compassionate Release

18 U.S.C. § 3582(c)(1)(A) allows a court to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Commission's policy statement, in turn, says that a court may reduce a term of imprisonment if "the defendant is not a danger to the safety of any other person or to the community" and "extraordinary and compelling reasons warrant such a reduction."

United States Sentencing Guidelines ("USSG") § 1B1.13. The policy statement clarifies that such reasons exist when (1) "the defendant is suffering from a terminal illness" or (2) "the defendant is suffering from a serious physical or mental condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13 cmt. n.1. The policy statement also directs a court to consider the factors set forth in 18 U.S.C. § 3553(a) in deciding whether compassionate release is appropriate and what form compassionate release should take. USSC § 1B1.13 cmt. n.4.

Mr. Davis's motion seeks a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. As amended, § 3582(c)(1)(A) permits an inmate, who satisfies certain statutorily mandated conditions, to file a motion with the sentencing court for "compassionate release." As relevant to Mr. Davis's motion, the statute now provides:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction;
> . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The relevant statute gives this Court authority to reduce a previously imposed sentence if three requirements are satisfied: (1) the inmate has either exhausted administrative review of the Bureau of Prison's failure to bring such a motion, or waited until 30 days after the request was made to the warden where the inmate is housed if that is earlier; (2) the inmate has presented extraordinary and compelling reasons for the requested reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement.

### B.     Exhaustion of Administrative Remedies

It is undisputed that Mr. Davis has met the exhaustion requirement. He provided the Court with documentation clearly indicating that he had sought compassionate release on April 8, 2020. Dkt. 771, Ex. 1. The Government concedes that the Bureau of Prisons received the request on or about April 8, 2020 and has not yet responded. More than 30 days have elapsed since BOP's receipt of the request.

### C.     Extraordinary and Compelling Circumstances.

The Court must next determine if extraordinary and compelling circumstances warrant a reduction of defendant's term of imprisonment. *See* 18 U.S.C. § 3582(c)(1)(A)(i); USSG § 1B1.13.

The policy statement referenced in § 3582(c)(1) was promulgated by the Sentencing Commission pursuant to the authority Congress vested in it in 28 U.S.C. § 994. That statute provides:

> The Commission, in promulgating general policy statements regarding the sentencing modification provisions in § 3582(c)(1)(A) of Title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

28 U.S.C. § 994(f).

Consistent with this statute, the applicable policy statement can be found at §1B1.13 of the United States Sentencing Guidelines. That statement provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. §3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
> (1)(A) Extraordinary and compelling reasons warrant the reduction;
> (B) The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

In the commentary, the Commission goes on to explain what constitute "extraordinary and compelling reasons" to support a reduction in sentence, as directed by 18 U.S.C. § 994(t). Specifically, Application Note 1 provides that extraordinary and compelling reasons exist under circumstances such as the defendant's medical condition, that he/she is suffering from a terminal illness, serious and advanced illness with an end of life trajectory, a serious physical or medical condition, a functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, advanced age in combination with a serious health condition, and the service of a substantial proportion of the sentence imposed. *Id.*

Considering the foregoing, this Court must determine if extraordinary and compelling circumstances warrant a reduction of Mr. Davis's term of imprisonment. The Court takes no issue with Mr. Davis's arguments regarding the highly contagious nature of COVID-19 upon not just the prison population but the entire planet. There is no dispute that the disease is deadly. The Court also does not take issue with the degree of

difficulty he faces staying COVID-19 free in a prison population.  Mr. Davis has adequately described the grim BOP statistics of positive tests for COVID-19 nationwide and his ethnicity as justification for his release.  While these facts are alarming, and the safety of the prison population is of grave concern to this Court, the generalized statistics from other institutions do not reflect the conditions currently existing at FCI Sheridan.  As of the date of this Order there are no confirmed cases of COVID-19 at FCI Sheridan.

To be eligible for this Court to exercise its discretion for a reduced sentence, the defendant bears the burden to show "extraordinary and compelling reasons" that meet the directives set by Congress and the Sentencing Commission for compassionate release to be granted.  *See Riley v. United States,* C19-1522 JLR 2020 WL 1819838 at *7 (W.D. Wash. Apr. 10, 2020); *United States v. Greenhut,* No. 2:18-CR-00048, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020).

While Mr. Davis has articulated health conditions, the facts of his current health do not warrant granting the relief he seeks for a variety of reason.  A general fear of contracting the virus is insufficient.  Otherwise, every inmate at FCI Sheridan would qualify for immediate release or reduction in their sentence.

The specific health concerns expressed by Mr. Davis do not support his request for release.  He has declined to take any prescribed medication for his hypertension since his date of incarceration; he has failed to make a specific showing that his bout of pneumonia two months ago for which he sought no additional treatment is currently affecting him or makes him at high risk; and while the damage of prolonged smoking may be readily known, he has not represented that he suffers from existing lung damage.

General concerns about contracting the virus or generalized fear that he might become infected does not meet the criteria for extraordinary and compelling reasons for a reduction of his sentence.

Moreover, if Mr. Davis were to become infected, the record before this court does not support that FCI Sheridan is unequipped to provide the necessary medical care to support his recovery.

### D. Defendant is a Continuing Danger to the Public

Even if this Court were to find extraordinary and compelling reasons to warrant his release, Title 18 U.S.C. § 3142(g) and U.S.S.G. § 1B1.13 mandate otherwise. The specific facts of Mr. Davis's history and circumstances indicate he poses a continuing danger to the community. The court agrees with the Government's observation:

> "As laid out in detail in the Presentence Investigation Report, the defendant has an extensive criminal history. That history includes a number of convictions for drug trafficking, along with assault, car theft, possession of stolen property, and reckless driving. Indeed, he was on supervision for another conviction when he committed the crimes charged in this case. And, this case involved his conduct trafficking large amounts of drugs, including crack cocaine, while armed with a firearm, which he admitted using to protect his drugs and the proceeds of his criminal activities."

Dkt. 777, p. 16-17.

When the Court sentenced Mr. Davis his § 3553 factors were considered, which clearly included his history and continuing danger to the community. That assessment was barely nine months ago and it has not changed as of the date of this order. Nor has Mr. Davis submitted any reasons to change that determination.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Mr. Davis's motion for compassionate release. Dkt. 770.

DATED this 28th day of May, 2020.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER - 7